IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR199 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **STATEMENT OF APPEAL FROM** |
| | ) | **MAGISTRATE JUDGE'S ORDER** |
| HAROLD STULTS, | ) | **OF DETENTION** |
| | ) | |
| Defendant. | ) | |

As stated in the Defendant's Statement of Appeal from Magistrate Judge's Order of Detention, Mr. Stults is charged in a one count Indictment. This Indictment charges him with violating 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) with knowingly possessing child pornography on or before March 1, 2007. These charges result from a search warrant which was executed on March 1, 2007 at Mr. Stults' residence. However, Mr. Stults was not arrested at that time. He remained free until he was arrested on May 29, 2007.

Mr. Stults has proposed a plan of release whereby he would reside at his home and continue to work at Millard Lumber through DES Staffing. Mr. Stults would not have access to any computer and was willing to be subject to electronic monitoring. Mr. Stults has not had any contacts with the police since March 1, 2007 when the search warrant was executed. There are certainly conditions or a combination of conditions which will reasonably assure the Court of the safety of the community and the Defendant's appearance at future court proceedings.

The Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B) states that the ". . . judicial officer shall order the pretrial release of the person subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the

appearance of the person as required and the safety of any other person and the community, . . ."

In this case, Magistrate Judge Thalken may have believed that the fact that Mr. Stults is charged with a child pornography offense mandates that he be detained. However, the Adam Walsh Child Protection Safety Act of 2006, 42 U.S.C. § 16901 et. seq., amended portions of § 3142 by inserting the following paragraph at the end of subsection (c)(1)(B):

> In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

18 U.S.C. § 3142(c)(1)(B).  Thus, a defendant who is charged under one of the listed statutes is eligible for pretrial release, but the release conditions must include, at a minimum, electronic monitoring, restrictions on travel, avoiding all contact with the alleged victim and potential witnesses, reporting to law enforcement or pretrial services on a regular basis, complying with a specified curfew, and refraining from possession of a firearm or other dangerous weapon.  These requirements do not apply to Mr. Stults because he was charged under 18 U.S.C. § 2252(a)(4), which is not one of the statutes Congress included as part of the Adam Walsh amendments.  Accordingly, the Court retains discretion to determine the appropriate conditions of release for Mr. Stults.

Even though not required by the Adam Walsh Act, Mr. Stults is willing to submit to electronic monitoring, restrictions on his travel, restrictions on his access to computers, reporting to Pretrial Services on a regular basis, etc. Mr. Stults with appropriate conditions of release is not a danger to the community nor a risk that he will flee the jurisdiction.

The Court should enter an Order of Release allowing Mr. Stults to be released pending trial in this matter.

          Respectfully submitted,

          HAROLD STULTS, Defendant,

By:    s/ David R. Stickman
      **DAVID R. STICKMAN**
      **Federal Public Defender**
      222 South 15th Street, Suite 300N
      Omaha, NE 68102
      (402) 221-7896
      Fax: (402) 221-7884

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Michael Norris, Assistant United States Attorney, Omaha, NE.

          s/ David R. Stickman