IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR199 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF MOTION** |
| v. | ) | **TO STRIKE** |
| | ) | |
| HAROLD STULTS, | ) | |
| | ) | |
| Defendant. | ) | |

The Indictment in this case reads as follows:

Count I

On and before the 1st day of March, 2007, in the District of Nebraska, HAROLD STULTS, having previously been convicted in November, 1993 for Attempted Sexual Assault of a Child – Second Degree, in the District Court of Douglas County, Nebraska, did knowingly possess one or more photographs and other matter which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256, that had been mailed and shipped and transported in interstate commerce by any means, including by computer.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2).

The reference to the Defendant's prior conviction in the Indictment is unnecessary, irrelevant, and surplusage under Rule 7 of the Federal Rules of Criminal Procedure.

The government has apparently included the reference to the Defendant's prior conviction in an effort to enhance his sentence should the Defendant be convicted in this case. The punishment for violating 18 U.S.C. § 2252(a)(4)(B) can be enhanced under subsection (b)(2) of that statute if a person has certain qualifying prior convictions. However, the Defendant's prior conviction does not allow his sentence to be enhanced to a mandatory minimum 10 years and a maximum 20 years.

A person who violates 18 U.S.C. § 2252(a)(4)(B) who has certain prior convictions can be subject to the mandatory minimum sentence and an enhanced statutory maximum. For an enhancement to apply, a defendant must have:

> [A] prior conviction under this chapter, subchapters, or under section 920 of Title 10 (Article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or a ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography . . .

The Defendant's prior conviction for Attempted Sexual Assault of a Child – Second Degree does not qualify as such a predicate prior conviction.

The Supreme Court in Shepherd v. United States, 544 U.S. 13 (2005) held that a Court should look to the terms of the charging document and any facts agreed to by a defendant in a plea agreement or otherwise in determining whether a prior conviction qualifies to enhance a person's sentence. Under Shepherd and Taylor v. United States, 495 U.S. 575, 602 (1990), the Court is prohibited from looking at the underlying facts of a case unless the defendant has admitted those facts or unless those facts are contained within the charging document or jury instructions. In other words, a "categorical approach is taken." See United States v. Lopez-Zepeda, 466 F.3d 651 (8th Cir. 2006).

In this case, 18 U.S.C. § 2252(b)(2) provides an enhancement to a sentence if a defendant is convicted of certain qualifying offenses. The precise language of the statute relevant in this case relates to whether "the defendant has a prior conviction under [Nebraska law] relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." A conviction for *Attempted* Sexual Assault of a Child – Second Degree, does not constitute aggravated sexual abuse, sexual abuse, or abusive

sexual conduct involving a minor or ward. Therefore, the reference to this prior conviction in the Indictment is irrelevant and unnecessary and should be stricken.

The government has apparently inserted the prior conviction pursuant to the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court indicated that any fact other than prior conviction which increases the statutory maximum must be pleaded in an indictment and submitted to a jury. However, Apprendi is inapplicable to this case as stated above because the prior conviction cannot be used to enhance Mr. Stults' conviction.

For these reasons, the Defendant respectfully requests that the Court strike the reference to the prior conviction from the Indictment.

      Respectfully submitted,

      HAROLD STULTS, Defendant,

      By:    s/ David R. Stickman
           **DAVID R. STICKMAN**
           **Federal Public Defender**
           222 South 15th Street, Suite 300N
           Omaha, NE 68102
           (402) 221-7896

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Michael Norris, Assistant United States Attorney, Omaha, NE.

      s/ David R. Stickman