IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR199 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF THE** |
| v. | ) | **SUPPLEMENTAL MOTION TO** |
| | ) | **SUPPRESS** |
| HAROLD STULTS, | ) | |
| | ) | |
| Defendant. | ) | |

On February 27, 2007, United States Magistrate Judge Thomas D. Thalken issued a search warrant for the Defendant's home. This search warrant was based upon an Application and Affidavit of Brent Morral, a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement. Generally speaking, the search warrant sought permission to search Mr. Stults' home for computers and computer files to determine whether they contained evidence of the possession or distribution of child pornography.

The Application and Affidavit for the Search Warrant was based in large part upon the activities of SA Joseph Cecchini of the Federal Bureau of Investigation. According to the Affidavit, on October 26, 2006, S.A. Cecchini "launched the P2P program, Limewire, and conducted a search using the term 'pthc.' Among the responses to the search term was one from IP address 24.252.31.129. At approximately 1208 (CDT), SA Cecchini used a user command for the individual using IP address 24.252.31.129. Subsequently, SA Cecchini was able to connect with said IP address and obtain a list of files that user was sharing." (Affidavit, ¶ 23(B)) The Affidavit of Agent Brent Morral continues in ¶ 23(C) and states that SA Cecchini "viewed the list of files available from IP address 24.252.31.129, which displayed several files with file names consistent with child pornography. SA

Cecchini subsequently initiated several downloads from the files listed beginning at approximately 1209 (CDT)."

In non-computer terminology, the above recitation of facts describes a warrantless search by an FBI agent into the computer files possessed by the Defendant at his home. There is no question that Agent Cecchini did not have a warrant at the time that he accessed Mr. Stults' files on October 26, 2006. Further, it is undisputed that Mr. Stults had never communicated with Agent Cecchini to consent to search his computer files. Nevertheless, by Agent Cecchini's actions, law enforcement was able to determine the contents of Mr. Stults' computer, take files from his computer and view them all at a distant location. The Defendant contends that this action was done in violation of his rights under the Fourth Amendment to the Constitution of the United States.

There are few, if any, cases directly on point which the government can rely upon to justify law enforcement's actions in this case. This case is roughly analogous to the facts in <u>Murray v. United States</u>, 487 U.S. 533 (1988). In <u>Murray</u>, police officers entered a warehouse without a warrant and observed bundles of marijuana. The officers later applied for a search warrant, but did not mention their illegal entry or observations made during the entry. The actual question in <u>Murray</u> was whether the search pursuant to the warrant was based upon an independent source not prompted by the illegal conduct. There was no disagreement that if the search warrant was indeed based upon the warrantless entry, the evidence would have been properly suppressed.

Here, there can be no independent source to justify the government's actions. A review of the Application and Affidavit for Search Warrant reveals that the only possible basis for concluding that Mr. Stults' computer may have contained evidence of child

2

pornography was obtained from SA Cecchini's downloading of files from Mr. Stults' computer.

The government will predictably argue that SA Cecchini was able to access Mr. Stults' computer through a computer program called "Limewire." Indeed, the Application and Affidavit for the Search Warrant contains several pages of boilerplate language which attempts to explain in general the "growing phenomenon on the Internet" of "peer to peer file sharing." (¶ 6(C)) The Affidavit also states that to access "P2P" a user downloads software from the internet. However, importantly to this motion, the Affidavit does not indicate in any manner the agent's or affiant's knowledge of the computer programs on Mr. Stults' computer. For example, the Affidavit does not even state that Mr. Stults had "Limewire" installed on his computer, and if it was installed on his computer, when it was installed, by whom or the circumstances of that installation. These are important considerations because the Affidavit is completely without support for the assumption that Mr. Stults must have taken some voluntary action to permit others to view files on his computer.

It is clear that the Affidavit in support of the search warrant does not set forth sufficient facts to show that Mr. Stults consented to a search. The typical factors which the Court would look to under the totality of the circumstances to determine whether consent is valid are not present here, as there was no request by the officer to conduct a search. See, United States v. Drayton, 536 U.S. 194 (2002) (affirming use of the totality of the circumstances test to determine whether consent to search was voluntary). While other cases have discussed the obtaining of child pornography files over the Internet, none of the cases appear to answer the precise Fourth Amendment question in this case. For example,

3

in United States v. Griffin, 482 F.3d 1008 (8th Cir. 2007), Griffin had downloaded child pornography from Kazaa, an Internet peer to peer file sharing network. However, none of the issues in Griffin implicated the Fourth Amendment. In United States v. Sewell, 457 F.3d 841 (8th Cir. 2006), the defendant also used Kazaa to download images of child pornography. Again, however, Sewell dealt with issues unrelated to how the government obtained the images from Sewell's computer.

One important distinction from this case and Griffin and Sewell is the fact that the computer program "Kazaa" was used in both Griffin and Sewell, but not in this case. As thoroughly discussed by the Court in United States v. Shaffer, 472 F.3d 1219 (10th Cir. 2007), Kazaa is a computer program that permits Internet sharing. According to the decision in Shaffer, the installation process of Kazaa on an individual's computer involves acceptance of a license agreement which acknowledges the capability of the program to place files on the internet available for downloading by other individuals.

Similarly, in United States v. Abraham, 2006 LEXIS 81006 (W.D. Pa. 2006), an Internet P2P program called "Bear Share" (rather than Kazaa) was used by the defendant in connection with his possession of child pornography. The Court explained the defendant's actions in a thorough opinion. By contrast, the Affidavit in this case does not 1) mention the program used by Mr. Stults; 2) state Mr. Stults used a P2P program; 3) indicate Mr. Stults' acceptance of the terms of a software license agreeing to file sharing; 4) when such a program may have been installed on the computer; 5) whether use of such a program requires action on the part of Mr. Stults; 6) whether Mr. Stults was required to affirmatively indicate his files could be shared; or 7) even indicate whether Mr. Stults' computer had to be turned on to permit access to files.

Without stating specific facts pertinent to Mr. Stults' computer, there is no basis to conclude that SA Cecchini's actions complied with the Fourth Amendment.

The Defendant asserts that the actions of SA Cecchini in this case amounted to a warrantless search without a valid consent and in violation of Mr. Stults' Fourth Amendment rights. For these reasons, Mr. Stults' Motion to Suppress must be sustained.

Respectfully submitted,

HAROLD STULTS, Defendant,

By:    s/ David R. Stickman
      **DAVID R. STICKMAN**
      **Federal Public Defender**
      222 South 15th Street, Suite 300N
      Omaha, NE 68102
      (402) 221-7896

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Michael Norris, Assistant United States Attorney, Omaha, NE.

s/ David R. Stickman