# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:07CR199 |
| Plaintiff, ) | |
| ) | ORDER and |
| vs. ) | |
| ) | REPORT AND |
| HAROLD STULTS, ) | |
| ) | RECOMMENDATION |
| Defendant. ) | |

This matter is before the court on the motion to strike (Filing No. 22) and the motion to suppress (Filing No. 24) as supplemented (Filing No. 30) by defendant Harold Stults (Stults). Stults is charged in the Indictment with possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and 2252(b)(2). Stults seeks to strike language in the indictment alleging a prior conviction for an attempted sexual assault of a child. He also seeks to suppress evidence seized as a result of a federal search warrant of his residence and computer. In Stults's supplemental motion to suppress, Stults alleges the federal search warrant was obtained following an illegal search of his home computer.

The court held a hearing on the motions on August 14, 2007. Stults was present for the hearing along with his counsel, Federal Public Defender David R. Stickman. The United States was represented by Assistant U.S. Attorney Michael P. Norris. The court received into evidence a copy of the search warrant and application in issue (Exhibit 1), a copy of Nebr. Rev. Stat. § 28-319.01 (Exhibit 101), and a copy of Nebr. Rev. Stat. §28-201 (Exhibit 102). The court also took judicial notice of the Indictment. Stults was given until August 24, 2007, in which to supplement his motion and request a supplemental evidentiary hearing on the issue of illegally accessing his computer prior to the issuance of the search warrant. The government was given until September 6, 2007, in which to respond. Stults supplemented his motion to suppress on August 24, 2007 (Filing No. 30), The government was granted an extension to respond (Filing No. 33) and filed a response on September 20, 2007 (Filing No. 34). Neither Stults nor the government requested a supplemental evidentiary hearing. A transcript (TR.) of the hearing was filed on September 26, 200 (Filing No. 31).

## FINDINGS OF FACT

The single count of the Indictment charges:

> On or about the 1st day of March, 2007, in the District of Nebraska, HAROLD STULTS, having previously been convicted in November, 1993 for Attempted Sexual Assault of a Child - Second Degree, in the District Court of Douglas County, Nebraska, did knowingly possess one or more photographs and other matter which contained an image of child pornography, as defined in Title 18, United States Code, Section 2256, that had been mailed and shipped and transported in interstate commerce by any means, including by computer.
> All in violation of Title 18, United States Code, Section 2252(a)(4)(B) and 2252(b)(2).

On February 27, 2007, Special Agent Brent Morral (Agent Morral) of the Department of Homeland Security (DHS), Bureau of Immigration and Custom Enforcement (ICE), applied for and received a federal search warrant for the residence at 8042 Maywood Street, Omaha, Nebraska (Exhibit 1). This was the residence of the defendant Stults. The 26 paragraph application and affidavit sought authorization to seize computers, computer files, and other documents relating to child pornography in violation of 18 U.S.C. §§ 2252 and 2252A. The search warrant was executed on March 1, 2007, at the residence, and various computers, computer files, and documents were seized.

The search warrant application and affidavit described a method of communication known as peer-to-peer (P2P) computer file sharing using the worldwide Internet. The application and affidavit described how individuals wishing to share child pornography use the P2P method to share and trade digital files containing images of child pornography. A person has the ability to send files from his computer to another user's computer without permission or knowledge, and it is not possible for one user to send or upload child pornography to another user or his computer without that user's active participation. The affidavit and application described Agent Morral's experience and training in computer usage and investigation of child pornography cases. Agent Morral incorporated details of an investigation by Special Agent Joseph Cecchini (Agent Cecchini) of the Federal Bureau of Investigation (FBI) who accessed a P2P file designated Limewire. SA Cecchini conducted a search looking for users accessing known child pornography sites. One IP

address was 24.252.31.129. This shared filed list consisted of 129 files, several of which were consistent with known child pornography. The files were downloaded and reviewed. The files contained numerous images of child pornography as described in the application and affidavit. Through the use of a subpoena, Cox Communications identified the subscriber using the IP address of 24.252.31.129 as Harold Stults, 8042 Maywood Street, Omaha, Nebraska. A public records check using LexisNexus, a Postal Service mail delivery check, and a motor vehicle registration check all confirmed Harold Stults to be the resident of 8042 Maywood Street.

## LEGAL ANALYSIS
### A. Motion to Strike

Stults moves to strike the following language from the Indictment: "previously been convicted in November, 1993 for Attempted Sexual Assault of a Child – Second Degree, in the District Court of Douglas County, Nebraska." Apart from Stults's argument that the prior conviction does not qualify as a prior conviction under the statute, Stults asserts such reference to his prior conviction is unnecessary and irrelevant and that such language constitutes surplusage. The government argued Stults's motion is, in reality, a motion in limine which should be addressed by the trial judge and not as a pretrial motion (TR. 3 - 4). Since the fact of a prior conviction is a sentencing enhancement under 18 U.S.C. § 2252(b)(2), the government argues the allegation in the Indictment is a notification to the defendant of the defendant's liability to the enhanced sentence and the court need not advise the jury of the prior conviction unless there is a issue of impeachment. Even if stricken as surplusage, the government intends to file a notice of prior conviction in order to activate the sentencing enhancement provisions of the statute.

Unlike the prior conviction enhancement provisions under the Controlled Substances Act, 21 U.S.C. § 851, there are no proceedings prescribed by statute for establishing prior convictions under 18 U.S.C. § 2252(b)(2). In fact, the enhancement prescribed by § 2252(b)(2) is mandatory and cannot be circumvented by any action of the government. **See *United States v. Schmeltzer***, 960 F.2d 405 (5th Cir. 1992). Thus, when the government argues that the allegation in the Indictment has to be made sooner or later and

3

the trial judge can control what is provided to the jury, such argument is without merit. The court finds the language in issue in the Indictment is surplusage and should be stricken from the Indictment.

### B.  Motion to Suppress

In his supplemental motion to suppress, Stults argues government agents illegally searched his computer prior to the issuance of the search warrant and used such information to establish probable cause for the issuance of the search warrant. Stults contends Agent Cecchini conducted a warrantless search when he viewed the files from IP address 24.252.31.129 (Stults's IP address) after Agent Cecchini launched the P2P program searching for child pornography. Stults argues Agent Cecchini was able to determine the contents of Stults's computer, retrieve files from Stults's computer, and view those files at a distant location without Stults's consent. Stults asserts without such information, there would be insufficient probable cause to obtain a search warrant of Stults's premises or computer files.

The application and affidavit detail the workings of a P2P network and that of Limewire which was used in this instance. The application and affidavit set forth how Agent Cecchini accessed the P2P network, noted the downloads of various files by IP address 24.252.31.129, and then downloaded those particular files from the P2P network for viewing. The P2P network is a file sharing network that belies a reasonable expectation of privacy. Absent such an expectation, the Fourth Amendment does not prohibit law enforcement officers accessing the P2P network and viewing files that have been downloaded by various IP addresses. Stults's assertion that Agent Cecchini's actions amounted to a warrantless search tainting the application and affidavit is without merit.

Stults also argues the application and affidavit as a whole is lacking in probable cause for the issuance of the search warrant. An affidavit for a search warrant must contain probable cause of four ingredients: time, crime, objects, and place. 2 Wayne R. LaFave, *Search and Seizure*, § 3.7(d) at 412 (4th ed. 2004). As the Supreme Court stated in *Illinois v. Gates*, 462 U.S. 213, 238 (1983): "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth

in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*  Thus, when viewing a search warrant, the court must look at the totality of the circumstances set forth in the affidavit. **See** *id.*; ***United States v. Etheridge***, 165 F.3d 655, 656 (8th Cir. 1999).  "Probable cause is a fair probability that contraband evidence of a crime will be found in the location to be searched." ***United States v. LaMorie***, 100 F.3d 547, 552 (8th Cir. 1996).  **See** ***Gates***, 462 U.S. at 238.

Having reviewed the application and affidavit, the court finds there is sufficient probable cause to believe the items sought in the application and affidavit will be found in the premises to be searched.

Even assuming *arguendo*, that probable cause was lacking in sufficiency, the ***Leon*** good faith exception would allow the admissibility of the evidence seized.  **See** ***United States v. Leon***, 468 U.S. 897 (1984).  In ***Leon***, the Supreme Court held that "evidence obtained pursuant to a search warrant should not be excluded where the officers executed the warrant 'with an objectively reasonable reliance on the magistrate's determination of probable cause.'" ***LaMorie***, 100 F.3d at 555.  There are four exceptions to this good faith rule:

> (1) where the issuing judicial officer was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing officer "wholly abandoned his judicial role;" (3) where the affidavit supporting the warrant contained so few indicia of probable cause "as to render official belief in its existence entirely unreasonable;" and (4) where the warrant itself is so facially deficient that no executing officer could reasonably presume it to be valid.

***Id.*** (internal citations omitted).  The court finds none of these exceptions to apply in this case.  Accordingly, Stults's motion to suppress should be denied in its entirety.

5

**IT IS ORDERED that:**

Stults's motion to strike (Filing No. 22) is granted. The following language is stricken from Count I of the Indictment: "previously been convicted in November, 1993 for Attempted Sexual Assault of a Child – Second Degree, in the District Court of Douglas County, Nebraska."

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Stults's motion to suppress (Filing No. 24) as supplemented (Filing No. 30) be denied.

**ADMONITION**

Pursuant to NECrimR 57.2 and 57.3 any appeal of this Order or objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order and Report and Recommendation. Failure to timely appeal or object may constitute a waiver of any such appeal or objection. The brief in support of any appeal or objection shall be filed at the time of filing such appeal or objection. Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

DATED this 2nd day of November, 2007.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge