IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                       )<br>            Plaintiff,              )<br>                                                       )<br>      v.                                           )<br>                                                       )<br>HAROLD STULTS,                         )<br>                                                       )<br>            Defendant.            )<br>_____)  | 8:07CR199<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on the defendant's objection to the Report and Recommendation ("R&R") of the magistrate, Filing No. 39.  The magistrate recommended that this court deny defendant's motion to suppress, Filing No. 24, and supplemental motion to suppress, Filing No. 30.  Defendant is charged with possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) & 2252(b)(2).

      Pursuant to 28 U.S.C. § 636(b)(1), the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects.  *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003).  The court has reviewed the entire record including the transcript of the hearing on the motions and the parties' briefs and supplemental briefs.  The court accepts the facts set out in the R&R and they need not be repeated here, except to the extent necessary to this court's findings.

      In his motion to suppress, the defendant challenges the search of his computer, contending that the affidavit submitted to the court in support of the government's application for a search warrant was itself premised on a warrantless search of the defendant's computer.  The search warrant was issued on the government's showing, by affidavit, that a law enforcement officer downloaded certain computer files from

defendant's computer using a peer-to-peer (P2P) file-sharing program known as "Limewire." *See* Suppression Hearing Exhibit ("Supp. Hr'g Ex.") 1, Application and Affidavit for Search Warrant, Attachment C, Affidavit of Special Agent Brent Morral at ¶ 23(B). In the affidavit, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") Special Agent Brent Morral states that, based on his training, experience, and familiarity with Internet file-sharing software, "when the P2P software is installed on a computer, the user is directed to specify a 'shared' folder" and that "all files placed in the shared folder are available to anyone on the world-wide network for download." *Id.,* ¶ 6(D). Special Agent Morral further states that as part of an investigation of child pornography, Federal Bureau of Investigation Special Agent Joseph Cecchini uploaded several files containing child pornography from a shared-file folder on defendant's computer. *Id.*, ¶ 23.

> The Fourth Amendment guarantees:
>
> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

U.S. Const. amend. IV; *see also Illinois v. Gates,* 462 U.S. 213, 230, 235 (1983). The Fourth Amendment protects a defendant's sufficient and reasonable expectation of privacy in the place to be searched. *United States v. Reinholz,* 245 F.3d 765, 773 n.3 (8th Cir. 2001). To claim Fourth Amendment protection, a defendant must show a reasonable and sufficient expectation of privacy in the place to be searched. *Id.* A Fourth Amendment analysis embraces two questions: (1) whether the individual, by his conduct, has exhibited an actual expectation of privacy; and (2) whether the individual's expectation of privacy is

one that society is prepared to recognize as reasonable. *Bond v. United States,* 529 U.S. 334, 338 (2000). There is no reasonable expectation of privacy in computer files that are accessible to users of a computer network. *See United States v. Barrows,* 481 F.3d 1246, 1249 (10th Cir. 2007) (finding that a defendant contemplated some third-party access by "knowingly network[ing] his machine . . . for the express purpose of sharing files"). Accordingly, the court agrees with the magistrate's assessment that the warrantless downloading of files from defendant's computer by law enforcement officers did not implicate Fourth Amendment concerns.

"The Fourth Amendment requires a showing of probable cause before a search warrant may be issued." *United States v. Williams,* 477 F.3d 554, 557 (8th Cir. 2007). Probable cause to issue a search warrant is determined under the totality of the circumstances and exists when an affidavit in support of the application for the warrant sets forth sufficient facts to establish that there is a fair probability that contraband or evidence of criminal activity will be found in the particular place to be searched. *United States v. Ball,* 499 F.3d 890, 895 (8th Cir. 2007). The court has reviewed the search warrant at issue and finds that it contains probable cause to support the search.

Even if the affidavit were not sufficient to establish probable cause, under the *Leon* good-faith exception, disputed evidence will be admitted if it is shown that it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant. *United States v. Leon,* 468 U.S. 897, 922 (1984); *United States v. Grant,* 490 F.3d 627, 632 (8th Cir. 2007). An officer's reliance on a search warrant is not objectively reasonable: "(1) when the affidavit or testimony in support of the warrant included a false statement made

3

knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge 'wholly abandon[s] his judicial role' in issuing the warrant; (3) when the affidavit in support of the warrant [is] 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;' and (4) when the warrant is 'so facially deficient' that the executing officer could not reasonably presume the warrant to be valid." *Id.* at 632-33 (*quoting Leon,* 468 U.S. at 923). The court finds that there has been no showing that any of these exceptions to the operation of *Leon* apply to this case.

Accordingly, the defendant's objection to the R&R of the magistrate is overruled, and the R&R will be adopted in full.

IT IS ORDERED:

1. The defendant's objection (Filing No. 39) overruled;

2. The R&R of the magistrate (Filing No. 38) is adopted;

3. The defendant's motion to suppress (Filing No. 24 ) and supplemental motion to suppress (Filing No. 30) are denied.

DATED this 3rd day of December, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge
