IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:07CR199 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | **BRIEF IN SUPPORT OF OBJECTION TO NOTICE OF PRIOR CONVICTIONS** |
| HAROLD STULTS, | ) ) | |
| Defendant. | ) | |

The government has filed a Notice of Prior Conviction in an attempt to enhance Mr. Stults' current sentence on the basis of his prior conviction in the District Court of Douglas County, Nebraska. While the defendant does not contest that he was convicted of this offense, the defendant does disagree that the prior conviction can form the basis for an enhancement under 18 U.S.C. § 2252(b)(2).

A person who violates 18 U.S.C. § 2252(a)(4)(B) who has certain prior convictions can be subject to a ten year mandatory minimum sentence and an enhanced statutory maximum. For an enhancement to apply, Defendant must have:

> [A] prior conviction under this chapter, subchapters, or under § 920 of Title 10 (Article 120 of the Uniform Code of Military Justice), or under the laws of any state related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or a ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography. . . .

The Defendant's prior conviction of Attempted Sexual Assault of a Child – Second Degree does not qualify as such a predicate prior conviction.

The Supreme Court in Shepherd v. United States, 544 U.S. 13 (2005) held that a court should look to the terms of the charging document and any facts agreed to by a defendant in a plea agreement or otherwise, in determining whether a prior conviction

qualifies to enhance a person's sentence.  Under Shepherd, and Taylor v. United States, 495 U.S. 575, 602 (1990), the court is prohibited from looking at the underlying facts of a case unless the defendant has admitted those facts or unless those facts are contained within the charging document or jury instructions.  In other words, a "categorical approach is taken."  See United States v. Lopez-Zepeda, 466 F.3d 651(8th Cir. 2006).

In this case, 18 U.S.C. § 2252(b)(2) provides an enhancement to a sentence if a defendant is convicted of certain qualifying offenses.  The precise language of the statute relevant in this case relates to whether "the defendant has a prior conviction under [Nebraska law] relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  A conviction for Attempted Sexual Assault of a Child – Second Degree, does not constitute aggravated sexual abuse, sexual abuse, or abusive sexual conduct toward a minor or  ward.  Therefore, Defendant's prior conviction cannot be used to enhance his sentence.

The Amended Information for the charge of Attempted First Degree Sexual Assault on a Child states in relevant part that:

> On or about the 26th day of April, 1993, Harold A. Stults . . . then and there being a person of 19 years of age or older, did then and there attempt to subject Theresa Stults, a person of less than 16 years of age, to sexual penetration, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Nebraska.

Simply stated, the Defendant's position is that a conviction for attempted sexual assault does not constitute aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.  Therefore, the prior conviction cannot be used to enhance Mr. Stults' mandatory minimum sentence to 10 years.

Respectfully submitted,

HAROLD STULTS, Defendant,

By:   s/ David R. Stickman
     **DAVID R. STICKMAN**
     **Federal Public Defender**
     222 South 15th Street, Suite 300N
     Omaha, NE 68102
     (402) 221-7896
     Fax: (402) 221-7884
     e-mail: david_stickman@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on June 18, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:  Michael Norris, Assistant United States Attorney, Omaha, NE.

                                              s/ David R. Stickman