IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR199 |
| | ) | |
| vs. | ) | |
| | ) | **UNITED STATES' RESPONSE** |
| HAROLD STULTS, | ) | **BRIEF TO DEFENDANT'S** |
| | ) | **OBJECTION TO NOTICE OF** |
| Defendant. | ) | **PRIOR CONVICTION** |

COMES NOW the Plaintiff, United States of America, and responds to Defendant's Objection to Notice of Prior Conviction.

### FACTS

On 28 April 2008, Harold Stults (hereinafter Defendant) pled guilty to Count I of a single count indictment charging him with possession of child pornography in violation of 18 U.S.C. 2252(a)(4)(B) and 2252(b)(2). In 1993, Defendant had been convicted of Attempted Sexual Assault of a Child, First Degree in the District Court of Douglas County, Nebraska. The United States filed notice that Defendant was subject to a sentencing enhancement on the basis of this prior conviction. (Filing 48). The current objection followed.

### ARGUMENT

Defendant argues that, because he made a plea of nolo contendere and never admitted the underlying facts reiterated in the PSR, the prior conviction cannot be used to enhance his sentence under § 2252(b)(2). However, it is not necessary to reach the underlying facts to determine that Defendant's conviction qualifies him for a § 2252(b)(2) enhancement; the crime is, on its face, a conviction "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."

A plea of nolo contendere clearly results in a conviction for purposes of sentencing enhancement.  United States v. Storer, 413 F.3d 918 (8th Cir 2005) (holding that a defendant's prior plea of nolo contendere to committing lewd and lascivious acts upon a child under sixteen qualified as a prior conviction involving sexual abuse of a minor for sentencing purposes). Therefore, the precedent for other types of convictions applies to Defendant's conviction on a plea of nolo contendere.

The Eighth Circuit has rejected an elements-only approach to the phrase "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct."  United States v. Weis, 487 F.3d 1148, 1151 (8th Cir. 2007).  The first step is to look to the statute under which the defendant was previously convicted; if the elements of the offense relate to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor, the inquiry ends and the enhancement is triggered.  Weis, 487 F.3d at 1151-2, United States v. Trogdon, 339 F.3d 620, 621 (8th Cir. 2003).  If the statute does not provide a clear answer, a court must "proceed to examine the underlying facts of the prior offense."  Id. at 621.[1]  While the Government agrees that a sentencing court is probably limited to considering the documents outlined in Shepard, it asserts that it is unnecessary to proceed to the second part of the analysis in the present case; the statute under which Defendant was convicted clearly relates to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.

Defendant was convicted of attempted sexual assault of a child in the first degree.  Neb. Rev. Stat. § 28-319.01 reads in relevant part: "(1) A person commits sexual assault of a child in

---

[1] The court in Weis indicated that Shepard abrogated Trogdon only insofar as it allowed an unlimited examination of the facts underlying the prior conviction. 487 F.3d at 1152.

the first degree if he or she subjects another person under twelve years of age to sexual penetration and the actor is at least nineteen years of age or older." Both the fact that the victim was a minor and the relation to sexual abuse or sexual conduct are established on the face of the statute.

While he does not contest the involvement of a minor, Defendant argues that a conviction for attempted sexual assault does not constitute aggravated sexual abuse, sexual abuse, or abusive sexual conduct.

Presumably, Defendant's argument rests on the fact that the prior conviction was for *attempted* sexual penetration of a child. Neither case law nor the plain language of the statute suggests a requirement of actual penetration. See Storer, 413 F.3d at 920 (enhancement proper where defendant's prior crime was committing lewd and lascivious acts on a child under sixteen, having masturbated in front of a four-year-old child, touched his penis to her vagina, and ejaculated on her); United States v. Hubbard, 480 F.3d 341 (5th Cir. 2007) (holding that defendant's prior conviction for attempting to make a series of lewd or indecent proposals to engage in sexual relations with a child under the age of sixteen could be the basis for an enhancement, even though defendant had been corresponding with an undercover officer); United States v. Shern, No. 3:06-CR-50, 2007 WL 201122 (D.N.D. Jan. 23, 2007) (holding that defendant's prior conviction for convincing a seven-year-old to touch his genitals triggered the enhancement).

Nor is it relevant that the crime was an attempt. §2252(b)(2) requires that the underlying crime *relates to* sexual abuse or abusive sexual conduct, not that such things are an element of the crime. The phrase 'relating to' carries a "broad ordinary meaning, i.e. 'to stand in some

3

relation; to have bearing or concern; to pertain; refer; to bring in association with or connection with.'" Weis, 487 F.3d 1152, citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383, 112 S.Ct. 2031 (1992).  Courts must assume that Congress chose the words for a purpose.  Weis, 487 F.3d at 1152 (citations omitted).  Under such a definition, an attempt clearly relates to the crime attempted.

A criminal attempt occurs when an individual "intentionally engages in conduct which, under the circumstances as he or she believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his or her commission of the crime."  Neb. Rev. Stat. § 28-201(1)(b).  An intent to engage in sexual conduct has been held to be enough to make a prior crime relate to sexual abuse or abusive sexual conduct.  Weis, 487 F.3d at 1152. ("[Defendant]'s prior convictions required intent to commit sexual abuse.  Such a mens rea demonstrates the offense is one 'relating to' sexual abuse.")  Moreover, conviction of an attempt to sexually assault a minor means that the defendant took a 'substantial step'; it tries both logic and plain meaning to assert that a substantial step is unrelated to the end it was meant to further.

The Fifth Circuit dealt with a similar issue in Hubbard.  Prior to his conviction for possession of child pornography, Hubbard had been convicted under Oklahoma law for attempting to make a series of lewd or indecent proposals to engage in sexual relations with a child under the age of sixteen while corresponding with an undercover officer.  Hubbard, 480 F.3d at 345.   The court held that the minimum sentence should apply because the state law related to sexual abuse.  Id. at 350.

The fact of conviction and the relevant statutory language alone make it clear that Defendant's prior conviction triggers the enhancement under §2252.  Further inquiry into the

4

circumstances of Defendant's prior conviction, while permissible, is not necessary establish that the offense was related to aggravated sexual abuse, sexual abuse, or abusive sexual conduct. Therefore, Defendant's objection should be overruled.

                              UNITED STATES OF AMERICA,
                              Plaintiff

                              JOE W. STECHER
                              United States Attorney


                     By:   s/ Michael P. Norris
                            MICHAEL P. NORRIS (#17765)
                            Assistant United States Attorney
                            1620 Dodge Street, Suite 1400
                            Omaha, Nebraska  68102-1506
                            (402) 661-3700

                            and

                             s/ Elizabeth S. Hertz
                            Elizabeth S. Hertz
                            Law Clerk


**CERTIFICATE OF SERVICE**

     I hereby certify that on July 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM.ECF system which sent notification of such filing to the following: **David Stickman**, Federal Public Defender.


                     By:   s/ Michael P. Norris
                            MICHAEL P. NORRIS
                            Assistant U.S. Attorney